**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0594-15T4

IN THE MATTER OF I.C.,
Police Officer (S9999M), Newark.

_____

Submitted September 18, 2018 – Decided October 4, 2018

Before Judges Ostrer and Currier.

On appeal from the New Jersey Civil Service Commission, Docket No. 2014-3238.

Fusco & Macaluso Partners, LLC, attorneys for appellant I.C. (Anthony J. Fusco, Jr., on the brief).

Florio Kenny Raval LLP, attorneys for respondent City of Newark (Nita G. Raval, of counsel and on the brief; Mitchell A. Fagen, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

I.C. appeals from the Civil Service Commission's September 3, 2015, order finding him psychologically unfit to perform effectively the duties of a

police officer, as found by the City of Newark, as the appointing authority, and the Medical Review Panel to which I.C. had initially appealed.

We will disturb the Commission's decision only if we conclude it was arbitrary, capricious or unreasonable, or unsupported by substantial credible evidence. In re Stallworth, 208 N.J. 182, 194 (2011); Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963). We do not substitute our judgment for the agency's. In re Polk, 90 N.J. 550, 578 (1982).

Reprising his argument before the Commission, I.C. essentially contends on appeal that the record evidence does not support the Commission's findings. We disagree.

In accord with In re Vey, 124 N.J. 534, 539-40 (1991), the agency provided psychological and psychiatric reports upon which it relied, demonstrating that I.C. exhibited behavior that rendered him unfit, and setting forth the reasons for removing him from the list of eligible candidates. The Commission reviewed this evidence in detail, as well as the findings and recommendation of the Medical Review Panel. Suffice it to say that the Commission's decision was adequately supported by I.C.'s subpar performance on various standardized psychological tests that are predictive of fitness for police service; his lack of candor in his interviews with both an evaluating

psychologist and the Medical Review Panel; his past absence without leave from the military resulting in his "other than honorable discharge"; and his license suspension for driving without insurance. The Commission acknowledged I.C.'s argument that these latter two incidents were remote in time. However, the Commission was nonetheless within its discretion to assign them weight. I.C.'s arguments do not merit any further discussion. R. 2:11-3(e)(3).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0594-15T4